T. KENNEDY HELM, IV (State Bar No. 282319)
HELM LAW OFFICE, PC
644 40th Street, Suite 305
Oakland, California 94609
Telephone: (510) 350-7517
Facsimile: (510) 350-7359
email: kennedy@helmlawoffice.com

Attorney for Plaintiffs
Brian Rechten and Patricia Rechten

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

TYLER ASHLEY RECHTEN, deceased, through his Co-Successors in Interest BRIAN RECHTEN and PATRICIA RECHTEN; BRIAN RECHTEN, individually; and PATRICIA RECHTEN, individually,

            Plaintiffs,

vs.

CITY OF UNION CITY, a public entity; UNION CITY POLICE CHIEF JARED RINETTI, in his individual and official capacities; UNION CITY POLICE OFFICERS MICHAEL SEARS, GIOVANNI CENTENO-GRAHAM, in their individual capacities; and DOES 1–10, Jointly and Severally,

            Defendants.

No. 4:20-cv-00106

**FIRST AMENDED COMPLAINT FOR DAMAGES, DECLARATORY, AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL**

1       Plaintiffs, by and through their attorney, HELM LAW OFFICE, PC, for their Complaint
2 against Defendants, state as follows:

3 **JURISDICTION**

4     1.  This is a civil-rights, wrongful-death, and survival action arising from Defendants' use of
5 recklessly provocative tactics and uses of excessive force, including but not limited to prone
6 restraint asphyxia, resulting in the death of Tyler Ashley Rechten on or about March 1, 2019 in
7 Alameda County, California.  This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988; the
8 Fourth, and Fourteenth Amendments to the United States Constitution; as well as the laws and
9 Constitution of the State of California, including but not limited to California Civil Code §§ 52 and
10 52.1, and California common law.  Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3)
11 and (4), and the aforementioned statutory and constitutional provisions.  Plaintiffs further invoke the
12 supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims
13 arising under state law.

14 **INTRADISTRICT ASSIGNMENT**

15     2.  A substantial part of the events and/or omissions complained of herein occurred in the City
16 of Union City, Alameda County, California, and pursuant to Northern District Civil Local Rule 3-
17 2(d), this action is properly assigned to the San Francisco Division or the Oakland Division of the
18 United States District Court for the Northern District of California.

19 **PARTIES AND PROCEDURE**

20     3.  Plaintiff Brian Rechten is the father of decedent Tyler Ashley Rechten and a resident of the
21 State of California.  Brian Rechten brings these claims individually for wrongful death and violation
22 of his personal rights, and as co-successor-in-interest for decedent Tyler Ashley Rechten, asserting
23 Tyler Ashley Rechten's survival claims under state and federal law.  (*See* Exhibit 1, Brian
24 Rechten's Declaration of Successor in Interest).

25     4.  Plaintiff Patricia Rechten is the mother of decedent Tyler Ashley Rechten and a resident of
26 the State of California.  Patricia Rechten brings these claims individually for wrongful death and
27 violation of her personal rights, and as co-successor-in-interest for decedent Tyler Ashley Rechten,

28

asserting Tyler Ashley Rechten's survival claims under state and federal law. (*See* Exhibit 2, Patricia Rechten's Declaration of Successor in Interest).

5.   Plaintiffs bring these claims individually and on behalf of decedent Tyler Ashley Rechten pursuant to California Code of Civil Procedure §§ 377.20 *et seq.* and 377.60 *et seq.*, which provide for survival and wrongful-death actions.

6.   Plaintiffs also bring their claims on the basis of 42 U.S.C. §§ 1983 and 1988, the United States Constitution, and federal civil-rights law.  Plaintiffs bring these claims as Private Attorneys General, to vindicate not only their rights, but others' civil rights of great importance.

7.   Defendant City of Union City is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the Union City Police Department (UCPD), which employs other defendants in this action.

8.   Defendant Chief of Police Jared Rinetti at all material times was employed as Chief of Police of the UCPD by defendant City of Union City, and he was acting within the course and scope of that employment.

9.   As Chief of Police of the UCPD, Defendant Rinetti was a policy-making official for defendant City of Union City with the power to make official and final policy for the UCPD.

10. Defendant Rinetti is being sued in his individual and official capacities.

11. Defendant Michael Sears at all material times was employed as a police officer by defendant City of Union City, and he was acting within the course and scope of that employment.

12. The City of Union City hired Officer Sears as a police-officer trainee in 2016.

13. By 2017, Officer Sears had become a non-trainee police officer.

14. Defendant Giovanni Centeno-Graham at all material times was employed as a police officer by defendant City of Union City, and he was acting within the course and scope of that employment.

15. The City of Union City hired Officer Centeno-Graham as a police-officer recruit in 2017.

16. Despite Plaintiffs' request for documents concerning the incident, including but not limited to any video footage that may have recorded the incident, defendant City of Union City has refused

to produce anything other than the names of the two officers, Sears and Centeno-Graham, who used force on Tyler Rechten.

17. As a result, the true names and capacities of Defendants sued herein as Doe Defendants 1–10 are unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and Plaintiffs will seek leave to amend this Complaint to show their true names and capacities when the same are ascertained.  Each Doe Defendant was an employee/agent of the City of Union City and the UCPD, and at all material times acted within the course and scope of that relationship.

18. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to Plaintiffs. Further, one or more Doe Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other defendants, including Doe Defendants.

19. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship.

20. Plaintiffs are further informed and believe, and thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

21. At all material times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' and Tyler Rechten's constitutional rights and other harm.  Each Defendant was both an integral participant and was fundamentally involved in the events described herein, including seizing and using excessive force against Tyler Rechten, and violations of Plaintiffs' and Tyler Rechten's rights.

22. The acts and omissions of all Defendants as set forth herein were at all material times pursuant to the actual customs, policies, practices and procedures of the UCPD.

23. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

24. Plaintiffs timely and properly filed tort claims pursuant to California Government Code § 910 *et seq.*, and this action is timely filed within all applicable statutes of limitation.

25. This Complaint may be pleaded in the alternative pursuant to Federal Rule of Civil Procedure 8(d)(2).

## **GENERAL ALLEGATIONS**

26. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

27. Only days before his death on March 1, 2019, Tyler Ashley Rechten, a forty-year-old Navy veteran, had begun a lucrative job as a superintendent in commercial construction.

28. Tyler Rechten had a history of anxiety and recreational methamphetamine use.

29. On information and belief, sometime during February 28, 2019, Tyler Rechten ingested a recreational, non-fatal amount of methamphetamine.

30. On March 1, 2019 at about 12:30 a.m., Tyler Rechten was driving a Nissan Rogue in a subdivision in Union City, California, when he was involved in a solo auto accident in the vicinity of 32563 Carmel Way, Union City, California, 94587.

31. The accident caused only moderate damage to the passenger side rear and front door of the Nissan Rogue.

32. The accident caused the airbags to deploy, but Tyler Rechten suffered no internal organ or head injuries in the accident.

33. Tyler Rechten got out of the Nissan Rogue and was able to walk and talk.

34. Tyler Rechten was standing outside of his car when Officers Sears and Graham arrived.

35. On information and belief, Tyler Rechten began displaying signs—such as yelling—of having an altered mental status whose etiology was unknown to Officers Sears and Graham.

36. Tyler Rechten was visibly unarmed.

37. Tyler Rechten had not made any movement or gesture under the circumstances that a reasonable officer would have perceived as posing an immediate threat of death or serious bodily

injury to justify the use of force.

38. Tyler Rechten never attempted to strike, and never struck, any officer in any manner.

39. Defendants Sears and Graham forcibly took Tyler to the ground and held him prone while they handcuffed him.

40. Nevertheless, despite being handcuffed, defendants Sears and Graham continued to restrain Tyler Rechten in a prone position, with weight on his back.

41. At about 12:40 a.m., the Alameda County Fire Department personnel arrived, and noted that Tyler was yelling, with two officers—Defendants Sears and Graham—holding him in a prone restraint.

42. At about 12:44 a.m., an ALS Ambulance crew arrived in response to a call about a traffic collision, and one of the ALS Ambulance crew members saw Tyler, "on the ground prone with an officer trying to keep him under control and had his body positioned low on the patient's back/buttocks and was holding the patient's arms."

43. Tyler's autopsy report would later note "multiple blunt force injuries," including but not limited to, blue, blue-purple, purple, and dark-purple contusions on his left and right flank, upper chest, lower back, and buttocks.

44. The Alameda County Coroner Investigator would later report: "being restrained in a prone position with hands cuffed behind the back is not an optimum position for the body to be in to increase oxygen intake in the face of increased oxygen demand, particularly for an individual that is obese."

45. Tyler Rechten was obese, with a body-mass index of 32.07.

46. The ALS Ambulance crew got the gurney and restraints and returned to Tyler, but one of the firefighters announced that Tyler was no longer breathing.

47. The ALS Ambulance crew confirmed that Tyler was pulseless and apneic; they began manual CPR; and then they retrieved and applied the "Lucas," a chest-compression system.

48. Because of the lack of oxygen, one of the ALS Ambulance crew noted that Tyler's skin was cyanotic, or bluish, from the tissues near his skin's surface having low oxygen saturation.

49. Tyler's mental state was "Unresponsive."

50. The ALS Ambulance crew moved Tyler to the ambulance, where he was found to be in asystole, or cardiac arrest.

51. The Lucas machine kept chest compressions going during the entire transport to Washington Memorial Hospital, which lasted about twenty-four minutes.

52. At about 1:10 a.m., Tyler was still in asystole when he arrived at Washington Memorial Hospital.

53. At about 6:13 a.m., Tyler Ashley Rechten was pronounced dead.

54. Defendants Sears and Graham, acting as integral participants, used or caused the use of a high level of injurious force against Tyler Rechten—including, but not limited to, prone restraint with weight applied to his back—that was sufficient to cause his death.

55. Defendants Sears and Graham killed Tyler Rechten, who at all material times never posed an immediate threat to anyone that would have justified the high level of injurious force used and permitted to be used against him.

56. Further, despite their knowledge of proper safety procedures regarding prone restraint, control holds, and arrest tactics, defendants Sears and Graham held Tyler Rechten on his stomach, compromising his ability to breathe, for the duration of Tyler Rechten's arrest and custody, even after he was handcuffed and fully restrained.

57. Tyler Rechten was obese, and he was outnumbered by defendants Sears and Graham.

58. Further, any alleged "resistance" Tyler Rechten may have offered was involuntary, as he struggled to get air.

59. On information and belief, defendants Sears and Graham interpreted Tyler Rechten's struggling to get air as "resistance," and began to apply more pressure to his back; this caused Tyler Rechten to involuntarily struggle even more in an attempt to get air, which defendants Sears and Graham interpreted as resistance and in turn applied more pressure.

60. Defendants Sears and Graham unlawfully seized and used excessive force against Tyler Rechten, including but not limited to prone restraint and/or compression restraint, without warning

and without legal justification, causing great pain and suffering to Tyler Rechten and causing his death by asphyxia.

61. The type and amount of force defendants Sears and Graham used against Tyler Rechten, as described above, including prone restraint and the restriction of Tyler Rechten's ability to breathe, amounted to the use of deadly force under the circumstances.

62. The use of deadly force was not justified or lawful under the circumstances.

63. Defendants Sears and Graham grossly violated the generally accepted training and standards for proper and safe restraint of a person, and for use of force, in their misconduct against Tyler Rechten.

64. The physical injuries to Tyler Rechten, especially the injuries to his torso as mentioned above, are evidence of an extremely high degree of force, of improper restraint, and of wanton and willful violations of Tyler Rechten's and Plaintiffs' constitutional rights.

65. Defendants Sears and Graham were present and integral participants in their joint conduct to improperly restrain and suffocate Tyler Rechten, and under federal law and generally accepted law enforcements standards and training, each was responsible for the totality of the force used in each other's presence.

66. On information and belief, defendants Sears' and Graham's use of excessive force against Tyler Rechten lasted over four minutes.

67. Defendants Graham and Sears used, or caused the use of, extreme and/or deadly force against Tyler Rechten, causing severe injuries and deadly trauma to him, including but not limited to, as described above.

68. Further, each Defendant failed to intervene to stop, prevent, or report the use of excessive and unreasonable force and restraint by the other Defendant, in violation of the law and generally accepted law enforcement standards and training.

69. Alternatively, or concurrently, the excessive, unreasonable, reckless, and provocative actions of defendants Sears and Graham created a risk of harm to Tyler Rechten; created the situation in which Defendants used extreme and otherwise unnecessary force; and caused an

escalation of events leading to Tyler Rechten's death.

70.  Defendants' unlawful and provocative tactics and collective use of force were totally unnecessary and unreasonable under the circumstances; caused the use of unnecessary and excessive deadly force; were conscience shocking; and were done without a legitimate law enforcement purpose.

71. At all material times, and alternatively, the actions and omissions of each defendant were intentional; wanton and/or willful; conscience shocking; reckless; malicious; deliberately indifferent to Decedent's and Plaintiffs' rights; done with actual malice; grossly negligent; negligent; and objectively unreasonable.

72. As a direct and proximate result of each Defendant's acts and/or omissions as set forth above, Plaintiffs sustained the following injuries and damages, past and future, among others:

        a.      Wrongful death of Tyler Ashley Rechten;

        b.      Hospital and medical expenses;

        c.      Coroner's fees, funeral, and burial expenses;

        d.      Loss of familial relationships, including loss of love, companionship, comfort, affection, consortium, society, services, solace, and moral support;

        e.      Pain and Suffering, including emotional distress;

        f.      Tyler Ashley Rechten's severe and painful injuries, including as described in the autopsy report, pursuant to federal civil-rights law;

        g.      Tyler Ashley Rechten's loss of life;

        h.      Tyler Ashley Rechten's conscious pain and suffering;

        i.      Violation of constitutional rights;

        j.      All damages, penalties, and attorneys' fees and costs recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52, and 52.1, California Code of Civil Procedure § 1021.5, and as otherwise allowed under California and United States statutes, codes, and common law.

**COUNT ONE**
**—42 U.S.C. § 1983—**
**PLAINTIFFS AGAINST DEFENDANTS SEARS AND GRAHAM**

73. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

74. By the actions and omissions described above, Officers Sears and Graham deprived Plaintiffs and/or Tyler Ashley Rechten of the following clearly established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

   a. Decedent's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment;

   b. Decedent's right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth Amendment;

   c. Plaintiffs' right to be free from wrongful government interference with familial relationships, and Plaintiffs' and Decedent's right to companionship, society and support of each other, as secured by the Fourteenth Amendments.

75. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiffs (individually and on behalf of Tyler Rechten, Deceased) and others would be violated by their acts and/or omissions.

76. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth at ¶ 72, above.

77. The conduct of Officers Graham and Sears entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law.

78. Plaintiffs do not seek punitive damages against defendant City of Union City or defendant Chief Rinetti in his official capacity.

79. Plaintiffs are also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988 and applicable federal and California codes and laws.

## COUNT TWO
### —42 U.S.C. § 1983 (Municipal and Supervisory Liability)—
### PLAINTIFFS AGAINST DEFENDANTS CITY OF UNION CITY,
### CHIEF OF POLICE JARED RINETTI, AND DOES 1–10

80. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here. The unconstitutional actions and/or omissions of Officers Graham and Sears, and other officers employed by or acting on behalf of defendant City of Union City, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the UCPD, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy-making officers for defendant City of Union City and the UCPD, including but not limited to defendant Chief Rinetti:

    a.    To use or tolerate the use of excessive and/or unjustified force;

    b.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning seizures and the risks of prone restraint;

    c.    To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning recognizing and addressing respiratory distress caused by prone restraint (whether through using recovery positions or other means) so as to prevent death by asphyxia;

    d.    To fail to use appropriate and generally accepted law enforcement policies, procedures, and training in handling possibly mentally ill and/or emotionally disturbed persons;

    e.    To cover-up violations of constitutional rights by any or all of the following:

        i.  by failing to properly investigate and/or evaluate complaints or incidents of excessive and unreasonable force, unlawful seizures, and/or handling of mentally ill or emotionally disturbed persons;

        ii.  by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful police activity; and

     iii. by allowing, tolerating, and/or encouraging police officers to: fail to file complete and accurate police reports; file false police reports; make false statements; intimidate, bias and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or obstruct or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information;

    f. To allow, tolerate, and/or encourage a "code of silence" among law-enforcement officers and police-department personnel, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the department;

    g. To use or tolerate inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code § 910 *et seq.*; and

    h. To fail to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (g) above, with deliberate indifference to the rights and safety of Plaintiffs, Decedent, and the public, and in the face of an obvious need for such policies, procedures, and training programs.

81. Defendants City of Union City, Chief Rinetti, and Doe Defendants 1–10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Officers Sears and Graham, Doe Defendants 1–10, and other UCPD personnel, with deliberate indifference to Plaintiffs' constitutional rights, which were thereby violated as described above.

82. The unconstitutional actions and/or omissions of Officers Sears, Graham, and Doe Defendants 1–10, and other UCPD personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the UCPD.  Plaintiffs are informed and believe, and thereupon allege, that the details of this incident have been revealed to the authorized policy makers within the

City of Union City and the UCPD, including defendant Chief Rinetti, and that such policy makers have direct and actual knowledge of the fact that the death of Tyler Ashley Rechten was not justified, but represented an unconstitutional display of unreasonable and excessive force. Notwithstanding this knowledge, the authorized policy makers within the City of Union City and the UCPD have approved of Officers Graham's and Sears' use of excessive and deadly force against Tyler Ashley Rechten, and have made a deliberate choice to endorse Officers Graham's and Sears' killing of Tyler Ashley Rechten and the basis for it.  By so doing, the authorized policy makers within the City of Union City and its UCPD have shown affirmative agreement with the individual defendant officers' conduct and have ratified the unconstitutional acts of the individual defendant officers.

83. The aforementioned customs, policies, practices, and procedures; the failures to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; as well as the unconstitutional orders, approvals, ratification, and toleration of wrongful conduct of defendants City of Union City, Chief Rinetti, and Doe Defendants 1–10, were a moving force and/or a proximate cause of the deprivations of Decedent's and Plaintiffs' clearly-established and well-settled constitutional rights, as more fully set forth in ¶ 74, above.

84. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices and procedures of defendants City of Union City, Chief Rinetti, and Doe Defendants 1–10 as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages, penalties, costs and attorneys' fees as set forth in ¶ 72, above.

**COUNT THREE**
**—VIOLATION OF CALIFORNIA CIVIL CODE § 52.1—**
**PLAINTIFFS AGAINST DEFENDANTS GRAHAM AND SEARS**

85. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

86. Plaintiffs bring this "Bane Act" claim as a survival claim pursuant to California Code of Civil Procedure § 377.20 *et seq.* for violation of Tyler Rechten's rights.

87. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, interfered with, attempted to interfere with, and violated Tyler Rechten's rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

    a.   Tyler Rechten's right to be free from unreasonable searches and seizures as secured by the Fourth Amendment to the United States Constitution and by the California Constitution, Article 1, § 13;

    b.   Tyler Rechten's right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth Amendment to the United States Constitution and by the California Constitution, Article 1, § 13;

    c.   Tyler Rechten's right to be free from the unreasonable use of deadly force as secured by the Fourth Amendment to the United States Constitution and by the California Constitution, Article 1, § 13;

    d.   Tyler Rechten's right to protection from bodily restraint, harm, or personal insult, as secured by California Civil Code § 43;

88. Separate from, and above and beyond, Defendants' attempted interference, interference with, and violation of Tyler Rechten's rights, Defendants violated Tyler Rechten's rights by the following conduct constituting threats, intimidation, or coercion:

    a.   Forcibly taking Tyler Rechten to the ground in the absence of any threat or justification whatsoever;

    b.   Applying pressure to Tyler Rechten's torso while he was prone and already handcuffed;

c.  Arresting Tyler Rechten without probable cause, including forcing Tyler Rechten to the ground and applying pressure to his torso while he was prone and already handcuffed;

d.  Causing Tyler Rechten to be asphyxiated, without warning and without justification.

89. Alternatively or concurrently, the threat, intimidation, and coercion described herein was not necessary or inherent to Defendants' violation of Tyler Rechten's rights, or to any legitimate law enforcement activity.

90. Further, all of Defendants' violations of duties and rights, and coercive conduct, described herein were volitional acts; none was accidental or merely negligent.

91. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1, Tyler Rechten sustained injuries and damages, and against each and every Defendant Plaintiffs entitled to relief as set forth above at ¶ 72, and punitive damages against Officers Graham and Sears in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, not limited to costs, attorneys fees, three times actual damages, and civil penalties.

**COUNT FOUR**
**--NEGLIGENCE; PERSONAL INJURIES --**
**PLAINTIFFS AGAINST ALL DEFENDANTS**

92. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

93. At all times, each Defendant owed Plaintiffs and Tyler Rechten the duty to act with due care in the execution and enforcement of any right, law, or legal obligation.

94. At all times, each Defendant owed Plaintiffs and Tyler Rechten the duty to act with reasonable care.

95. These general duties of reasonable and due care owed to Plaintiffs and Tyler Rechten by all Defendants include but are not limited to the following specific obligations:

a. to refrain from using excessive and/or unreasonable force against Tyler Rechten;

b. to refrain from unreasonably creating the situation where force, including but not limited to deadly force, is used;

c. to refrain from abusing their authority granted them by law;

d. to use tactics and force appropriate for a disabled, mentally ill and/or emotionally disturbed person having a medical emergency;

e. to refrain from violating Plaintiffs' rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

96. Additionally, these general duties of reasonable care and due care owed to Plaintiffs and Tyler Rechten by Defendants City of Union City, Chief Rinetti, and Doe Defendants 1–10, include but are not limited to the following specific obligations:

a. to properly and adequately hire, investigate, train, supervise, monitor, evaluate, and discipline their employees, agents, and/or law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

b. to make, enforce, and at all times act in conformance with policies, training, and customs that are lawful and protective of individual rights, including Plaintiffs';

c. to refrain from making, enforcing, and/or tolerating the wrongful policies, training, and customs set forth at ¶ 80, above.

97. Defendants, through their acts and omissions, breached each and every one of the aforementioned duties owed to Plaintiffs.  Defendant City of Union City is vicariously liable pursuant to California Government Code § 815.2.

98. As a direct and proximate result of Defendants' negligence, Plaintiffs and Decedent sustained injuries and damages, and against each and every Defendant are entitled to relief as set

forth above at ¶ 72, and punitive damages against Officers Sears, Graham, Chief Rinetti in his individual capacity, and Doe Defendants 1–10.

### COUNT FIVE
### —ASSAULT AND BATTERY—
### PLAINTIFFS AGAINST DEFENDANTS GRAHAM, SEARS, AND THE CITY OF UNION CITY

99. Plaintiffs reallege each and every paragraph in this Complaint as if fully set forth here.

100.     The actions and omissions of Officers Graham and Sears, as set forth above, constitute assault and battery.

101.     Defendant City of Union City is vicariously liable pursuant to California Government Code § 815.2.

102.     As a direct and proximate result of Defendants' assault and battery of Tyler Rechten, Plaintiffs sustained injuries and damages, and are entitled to relief as set forth above at ¶ 72, and punitive damages against all Defendants in their individual capacities, except the City of Union City and Chief Rinetti in his official capacity.

WHEREFORE, Plaintiffs respectfully request the following relief against each and every Defendant herein, jointly and severally:

a.     compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable;

b.     punitive damages against the individual officers described herein under 42 U.S.C. § 1983 and California law in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against either the City of Union City or Chief Rinetti in his official capacity);

c.     all other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983, and 1988; Cal. Code of Civ. Proc. §§ 377.20 *et seq.*, 377.60 *et seq.*, and 1021.5, Cal. Civil Code §§ 52 *et seq.*, 52.1, and as otherwise may be allowed by California and/or federal law;

d.     Injunctive relief, including but not limited to the following:

i.     an order prohibiting defendants City of Union City and its Chief of Police from engaging in the unconstitutional

1    customs, policies, practices, procedures, training and
2    supervision as may be determined and/or adjudged by this
     case;

3    ii.    an order requiring Defendants to institute and enforce
4           appropriate and lawful policies and procedures for
            handling and seizing individuals with disabilities,
5           including mentally ill and/or emotionally disturbed
            persons;

6
7    iii.   an order requiring Defendants to institute and enforce
            appropriate and lawful policies and procedures for the use
8           of deadly force, including the dangers of prone restraint
            and restraint asphyxia;

9
10   iv.    an order prohibiting Defendants and their police officers
            from engaging in the "code of silence" as may be
11          supported by the evidence in this case;

12   v.     an order requiring Defendants to train all UCPD law-
13          enforcement officers concerning generally accepted and
            proper tactics and procedures and this Court's orders
14          concerning the issues raised in injunctive relief requests i-
            iv, above;

15   e.    such other and further relief as this Court may deem appropriate.

16
17   DATED: January 29, 2020              **HELM LAW OFFICE, PC**

18                                        */s/ T. Kennedy Helm, IV*
                                          ——————————————
19                                        T. Kennedy Helm, IV
                                          Attorney for Plaintiffs
20

21                          **JURY DEMAND**

22       Plaintiffs hereby request a trial by jury.
23

24
25   DATED: January 29, 2020              **HELM LAW OFFICE, PC**

26                                        */s/ T. Kennedy Helm, IV*
                                          ——————————————
27                                        T. Kennedy Helm, IV
                                          Attorneys for Plaintiffs
28

No. 4:20-cv-00106: FIRST AMENDED COMPLAINT AND JURY DEMAND                    17